The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| COLUMBIA SPORTSWEAR COMPANY, an Oregon corporation, COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation, and COLUMBIA SPORTSWEAR USA CORPORATION, an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation,<br><br>Defendant. | Case No. 2:13-CV-2175 - RSM<br><br>**STIPULATED MOTION TO SEAL SUPPLEMENTAL DECLARATION OF JOSEPH EDWARDS IN SUPPORT OF RESPONSE TO OPPOSITION TO MOTION TO STAY AND FOR LIMITED DISCOVERY**<br><br>NOTE ON MOTION CALENDAR:<br>July 18, 2014<br><br>ORAL ARGUMENT REQUESTED |

MOTION TO SEAL
[2:13-cv-2175-RSM]- 1
22545182v1

TROUTMAN SANDERS LLP

5 Park Plaza
Suite 1400
Irvine, CA  92614

## I.   INTRODUCTION

Defendant Seirus Innovative Accessories, Inc. brings this motion to seal the Supplemental Declaration of Joseph Edwards ("Supplemental Edwards Declaration") in support of its Opposition to Plaintiffs' Motion to Stay and for Limited Discovery ("Opposition").  The Supplemental Edwards Declaration contains information regarding Seirus' financial performance, internal analyses, sales history, methods of conducting business, and business relationships.  This information is not publicly available and Seirus maintains its confidentiality within the company.  Disclosure of this information would cause substantial harm to Seirus.  Seirus has compelling reasons for keeping this information private that outweigh public policy considerations.  Seirus has publicly filed a redacted version of the Supplemental Edwards Declaration in order to minimize the amount of material filed under seal.

As such, Seirus requests that the Supplemental Edwards Declaration be sealed and designated "Highly Confidential, Outside Counsel's Eyes Only," and Plaintiffs' counsel has stipulated to the requested relief.

## II.   FACTS

In connection with the Opposition, Seirus seeks to file the Supplemental Edwards Declaration to aid the Court in deciding both Plaintiffs' Motion to Stay and for Limited Discovery and Seirus' previously filed Motion to Dismiss or, alternatively, Transfer Venue to the Southern District of California.  This declaration contains detailed information regarding Seirus' financial performance, sales history, business methods, and business relationships.  Plaintiffs have stipulated to the relief requested in this Motion to Seal, as indicated in an email exchange between Plaintiffs' counsel to counsel for Seirus on July 6 and 7, 2014 (the e-mail exchange occurred between Eric M. Jaegers, counsel for Seirus, and Devon Newman, counsel for Plaintiffs).

In order to minimize the amount of material filed under seal, Seirus has publicly filed a redacted version of the Supplemental Edwards Declaration. Those redactions are limited to Seirus' confidential and proprietary information which this Motion to Seal seeks to protect from public disclosure.

MOTION TO SEAL
[2:13-cv-2175-RSM]- 2
22545182v1

TROUTMAN SANDERS LLP

5 Park Plaza
Suite 1400
Irvine, CA  92614

### III. DISCUSSION

#### A. Legal Standard

A party seeking to seal a judicial record must meet "the 'compelling reasons' standard. . . .[t]hat is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. . . ." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) (internal citations omitted). "[T]he right to inspect and copy judicial records is not absolute and, in particular, the common-law right of inspection has bowed before the power of a court to insure that its records are not used as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008), citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Bite Tech, Inc. v. X2 Biosystems, Inc.*, Case No. 12-1267-RSM, 2013 U.S. Dist. LEXIS 49751 at * 5 (W.D. Wash. Apr. 5, 2013) (granting a motion to seal defendant's financial information and noting "[t]he Court is mindful of the proprietary nature of confidential financial information, which includes future plans and past information that may be used to predict future business").

#### B. Seirus Has Established Compelling Reasons for Filing the Supplemental Edwards Declaration under Seal

As established in the concurrently-filed Declaration of Joseph Edwards in Support of Motion to Seal, the Supplemental Edwards Declaration contains information regarding (i) sales numbers of all products sold nationwide for the past several years, (ii) sales numbers for products sold into Washington for the past several years, (iii) Seirus' relationships with the retailers to whom its sells its products, (iv) Seirus' method of sales and distribution, and (v) Seirus' internal assessment and evaluation of its sales and revenue information. This information is confidential and proprietary information that is integral to Seirus' business, and its confidentiality is strictly guarded and maintained within the company. The information at issue is not publicly available, and has significant competitive value to Seirus. The information is available only to senior management and cannot be made public by employees. Should it become public, Seirus risks significant economic and competitive harm because competitors will gain knowledge of Seirus'

MOTION TO SEAL
[2:13-cv-2175-RSM]- 3
22545182v1

TROUTMAN SANDERS LLP

5 Park Plaza
Suite 1400
Irvine, CA 92614

business methods, amounts of sales, the sources of its business, and its internal methods of assessing its sales and revenue.

This is exactly the type of information that this Court has found presented compelling reasons to allow filing under seal. *See id.; see also Karpenski v. Am. Gen. Life Companies, LLC*, Case No. C12-1569RSM, 2013 U.S. Dist. LEXIS 87102 at *17 (W.D. Wash. June 20, 2013); *see also Microsoft Corp. v. Motorola, Inc.*, Case No. C10-1823JLR, 2012 U.S. Dist. LEXIS 164255 at *18-19 (W.D. Wash. Nov. 12, 2012). Thus, to protect its confidential and proprietary information, Seirus should be allowed to file the Supplemental Edwards Declaration under seal.

## IV. CONCLUSION

For the foregoing reasons, defendant Seirus Innovative Accessories, Inc. respectfully requests that the Court seal the Supplemental Edwards Declaration.

Dated this 7th day of July, 2014.

Respectfully Submitted,

TROUTMAN SANDERS LLP

By: s/ Matthew D. Murphey
Matthew D. Murphey (admitted *pro hac vice*)
Paul E. McGowan (admitted *pro hac vice*)
Eric M. Jaegers (admitted *pro hac vice*)

NEWMAN DU WORS LLP

By: s/Derek Linke
Derek A. Newman, WSBA #26967
Derek Linke, WSBA # 38314

Counsel for Defendant
Seirus Innovative Accessories, Inc.

MOTION TO SEAL
[2:13-cv-2175-RSM]- 4
22545182v1

TROUTMAN SANDERS LLP

5 Park Plaza
Suite 1400
Irvine, CA 92614

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 7th day of July, 2014. Any other counsel of record will be served with a true and correct copy of the foregoing by mail or facsimile.

s/Derek Linke
Derek Linke, WSBA # 38314

Counsel for Defendant
Seirus Innovative Accessories, Inc.

MOTION TO SEAL
[2:13-cv-2175-RSM]- 5
22545182v1

TROUTMAN SANDERS LLP

5 Park Plaza
Suite 1400
Irvine, CA 92614